**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN WHITE, | ) NO. ED CV 08-780-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on June 18, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on October 14,

2008. Plaintiff filed a motion for summary judgment on December 3, 2008. Defendant filed a cross-motion for summary judgment on December 19, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed June 20, 2008.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability beginning April 1, 2006, based primarily on alleged mental impairments (Administrative Record ("A.R.") 26-30, 68-71). Dr. Villar, a treating psychiatrist, opined Plaintiff is "seriously limited" with respect to certain mental abilities and aptitudes needed to perform work (A.R. 190-91). Dr. Villar specifically opined that Plaintiff's impairments or treatment would cause her to be absent from work more than four days per month (A.R. 191). Dr. Enge, another treating psychiatrist, rated Plaintiff's Global Assessment of Functioning ("GAF") at 47 (A.R. 155).

An Administrative Law Judge ("ALJ") found Plaintiff not disabled (A.R. 10-16). The ALJ rejected Dr. Villar's opinions asserting, inter alia, that "treating notes" do not support the opinions (A.R. 14-15). The ALJ failed to mention Dr. Enge's GAF assessment (A.R. 10-16). The Appeals Council denied review (A.R. 2-4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's

findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  Section 404.1512(e) of 20 C.F.R. provides that the
2  Administration "will seek additional evidence or clarification from
3  your medical source when the report from your medical source contains
4  a conflict or ambiguity that must be resolved, the report does not
5  contain all of the necessary information, or does not appear to be
6  based on medically acceptable clinical and laboratory diagnostic
7  techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)
8  ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's
9  opinions in order to evaluate them, he had a duty to conduct an
10 appropriate inquiry, for example, by subpoenaing the physicians or
11 submitting further questions to them.  He could also have continued
12 the hearing to augment the record") (citations omitted); see also
13 Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a
14 special duty to fully and fairly develop the record and to assure that
15 the claimant's interests are considered").

17 In the present case, the ALJ erred in connection with the
18 opinions of the treating physicians.  Further inquiry of Dr. Villar
19 should have preceded a final determination of whether Dr. Villar's
20 opinions are not adequately supported.  See Smolen v. Chater, 80 F.3d
21 1273, 1288 (9th Cir. 1996); 20 C.F.R. § 404.1512(e).  The ALJ also
22 should not have rejected Dr. Enge's opinion without inquiring further
23 of Dr. Enge and without discussing the opinion.  See Salvador v.
24 Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of
25 treating physician's opinion cannot satisfy Administration's
26 obligation to set forth "specific, legitimate reasons").
27 ///
28 ///

4

1    To the extent Defendant now offers reasons for disregarding
2 Dr. Enge's opinion (or reasons for disregarding Dr. Villar's opinions
3 not stated in the ALJ's decision), the Court must decline to entertain
4 the offer. The Court "cannot affirm the decision of an agency on a
5 ground that the agency did not invoke in making its decision." Pinto
6 v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

8    The above-described errors were not necessarily harmless. The
9 ALJ and Defendant assert that, even accepting the limitations
10 suggested in Dr. Villar's opinions, Plaintiff still could perform
11 work. Such assertion is extremely dubious. For example, Dr. Villar
12 opined that Plaintiff's impairments or treatment would cause her to be
13 absent from work more than four days per month. Such frequent
14 absences likely would preclude substantial gainful employment. See,
15 e.g., Carter v. Astrue, 2008 WL 4498960 *4 (M.D. Ga. Sept. 30, 2008)
16 (ALJ determined that a claimant's absences for more than four days per
17 month required a finding of disability); Gresham v. Astrue, 2007 WL
18 3208554 *7 (S.D. Iowa Sept. 28, 2007) (vocational expert testified
19 employers would not tolerate an employee who was absent more than four
20 days per month).

22    Defendant also argues the alleged harmlessness of the ALJ's
23 failure to mention Dr. Enge's GAF assessment. Again, the Court is
24 unable to deem the error harmless. "A GAF of 41-50 means that the
25 plaintiff exhibits '[s]erious symptoms (e.g., suicidal ideation,
26 severe obsessional rituals, frequent shoplifting) or any serious
27 impairment in social, occupational, or school functioning (e.g. no
28 friends, unable to keep a job).'" Tagger v. Astrue, 536 F. Supp. 2d

1170, 1173 n.4 (C.D. Cal. 2008) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th Ed. 2000); see also Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001) (a GAF of 45 "is indicative of a disabling level of impairment").

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in

INS v. Ventura, 537 U.S. 12, 16 (2002),[2] the Harman holding does not direct reversal of the present case.  Here, the Administration must recontact treating physicians concerning "outstanding issues that must be resolved before a determination of disability can be made."  Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of the treating physicians credited.

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 31, 2008.

_____/S/_____
                    CHARLES F. EICK
             UNITED STATES MAGISTRATE JUDGE

---

[2] The Ninth Circuit has continued to apply Harman despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

7